# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CASEY WALTERS, JR.,<br><br>    Defendant. | Case No.: 2:17-cr-00180-JAD-PAL<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER**<br><br>(Docket No. 342) |

  Pending before the Court is Defendant Casey Walters, Jr.'s motion to reconsider the order denying the parties' stipulation for modification of conditions of pretrial release. Docket No. 342.

  On May 9, 2018, at 5:19 p.m., Defendant filed a stipulation between the parties. Docket No. 339. The stipulation asked the Court to modify Defendant's conditions of pretrial release to, *inter alia*, allow him to board a flight 10 hours later, at 5:45 a.m. (Central time) on May 10, 2018, from Texas to New York. *Id*. On May 10, 2018, the Court denied the stipulation, as Defendant failed to file it with sufficient time for the Court to consider it prior to the requested travel. Docket No. 340.

  Defendant has now filed the instant motion, asking the Court to reconsider its order. Docket No. 342. In the motion, Defendant submits that he informed his attorney of the requested travel at noon on May 8, 2018. *Id*. at 2. Additionally, Defendant submits that his attorney exchanged numerous e-mails with the United States Attorney's Office and Pretrial Services throughout the day of May 9, 2018, regarding Defendant's requested modification of conditions. *Id*. at 1. Defendant further submits that, once his counsel received an e-mail from his Pretrial Services Officer approving the travel, she "believed that [Defendant] could proceed with travel at

1

that point." *Id*. Defendant submits that, despite this belief, his counsel "submitted the stipulation [requesting modification of conditions] at the suggestion of Pretrial Services," but that his counsel believed the request would be granted "as the Court has done in the past." *Id*. In short, Defendant represents that his counsel did not believe court approval was required to modify his conditions of release that were ordered by the court. Defendant admits that he traveled to New York from Texas on the morning of May 10, 2018, despite the fact that such travel violates his conditions of release and despite the fact that he was aware that the stipulation had not been entered by the Court at the time he boarded the plane.[1] *Id*. at 2. Defendant, therefore, knowingly violated his conditions of release. Nonetheless, Defendant asks the Court to reconsider its order. *Id*.

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th

---

[1] Indeed, due to Defendant's own actions, the stipulation could not have been approved by the Court prior to his scheduled flight. It is axiomatic that no stipulation is effective until approved by the court. LCR 45-1.

Cir. 2003). Motions for reconsideration are disfavored. *See*, *e.g.*, Local Rule 59-1(b). Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

Here, Defendant makes no attempt to demonstrate that the standards for reconsideration of the Court's order are met in this case. Instead, Defendant asks the Court to believe that he learned on May 8, 2018, that he needed to travel out-of-state for work two days later; that his counsel found it appropriate to wait until May 9, 2018, to even begin trying to get the agreement of the United States Attorney's Office and Pretrial Services; and that he and his counsel did not know that the Court must approve any modification of his conditions that were imposed by court order.[2]

Accordingly, Defendant's motion for reconsideration, Docket No. 342, is **DENIED**.

IT IS SO ORDERED.

DATED: May 11, 2018.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[2] While a great many of the representations made in the instant motion strain credulity, the last one is clearly the most disingenuous. Counsel admits that she filed stipulations previously when Defendant asked to travel and that the Court approved them. Docket No. 342 at 1. *See also* Docket No. 342-1 at 3. Counsel further told the United States Attorney's Office as early as 11:29 a.m. on May 9, 2018, that she intended to file a stipulation with the Court. Docket No. 342-1 at 3. Counsel again spoke of the stipulation in an e-mail with the United States Attorney's Office at 3:16 p.m. *Id.* at 2. Finally, counsel filed the stipulation 15 minutes after her final e-mail with Defendant's Pretrial Services Officer, an e-mail in which the Pretrial Services Officer says nothing of filing a stipulation with the Court.

In direct contradiction with this course of conduct, counsel represents that she did not believe Court approval was required for the request to modify court-ordered conditions and, instead, represents that she only filed the stipulation "at the suggestion of Pretrial Services." These representations clearly lack credibility and border on the absurd. The Court reminds Ms. Bliss that she must comply with her duty of candor as an officer of the court. *See*, *e.g.*, Nev. R. Prof. Con. 3.3(a).